IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL D. HOPKINS, JR.,<br><br>                     Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA and<br>STATE OF UTAH,<br>                     Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:15-cv-463-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke C. Wells |

      This case has been referred to Magistrate Judge Brooke C. Wells from District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the Court is Plaintiff Michael D. Hopkins's ("Plaintiff") Complaint against the United States of America and the State of Utah[2] and Motion for Service of Process.[3]

      On June 30, 2015, Magistrate Judge Evelyn Furse granted Plaintiff leave to proceed *in forma pauperis*.[4]  On that same date, Plaintiff, who is *pro se*, filed his Complaint.  Because Plaintiff has been permitted to proceed *in forma pauperis*, the Court will examine and address the sufficiency of Plaintiff's Complaint under the authority of 28 U.S.C. § 1915.  Upon review of Plaintiff's Complaint, the Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's Complaint without prejudice.  The Court **FURTHER RECOMMENDS** that Plaintiff's Motion for Service of Process[5] be deemed **MOOT**.

---

[1] Docket no. 4.
[2] Docket no. 3.
[3] Docket no. 5.
[4] Docket no. 2.
[5] Docket no. 5.

**A. Dismissal of Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).**

Plaintiff is proceeding *in forma pauperis*.[6] Under 28 U.S.C. §1915(e)(2)(B), the court shall at any time, *sua sponte*, dismiss a case if the court determines a complaint is (a) frivolous or malicious; (b) fails to state a claim upon which relief can may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief.[7] Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[8] A claim may be considered frivolous if it "lacks an arguable basis in either law or fact."[9] Examples, of baseless factual contentions are those that describe "fantastic or delusional scenarios."[10] "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible…[.]"[11]

In addition, to dismissal for frivolity, section 1915 allows for failure to state a claim on which relief may be granted.[12] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[13] When determining whether to dismiss for failure to state a claim under section 1915(e)(2)(B)(ii), courts employ the standard set forth for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[14] In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a

---

[6] Docket no. 2.
[7] *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).
[8] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[9] *Id.* at 327.
[10] *Netizke* at 328.
[11] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).
[12] 28 U.S.C. §1915(e)(2)(B)(ii).
[13] *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)(internal quotations and citation omitted).
[14] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

legal claim for relief."[15] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[16]

Here, at the outset, the Court notes it is also not "…the proper function of the district court to assume the role of advocate for the pro se litigant."[17]  After careful consideration of Plaintiff's complaint and considering it liberally,[18] the Court finds Plaintiff's Complaint to be frivolous and fails to state a claim upon which relief can be granted.   Notably, Plaintiff's Complaint does not state a specific cause of action.  On the civil cover sheet attached with the Complaint, Plaintiff only states that "they have broken my civil rights and the constitution."[19]

Plaintiff's Complaint states in relevant part "I under servaliance (sic) from federal government I seen a drone hovering over my house...[.]" "They are threatening my family if I tell anybody.  They are using the drones to make me sick with ther (sic) mal heating.  As soon as I started filing this report…they made me sick they used something in the drone to keep me up at night."  The civil cover sheet states Plaintiff is demanding "money."[20]

Based upon Plaintiff's Complaint, it is obvious to the undersigned that Plaintiff cannot prevail on the facts alleged and the undersigned finds amendment to the Plaintiff's Complaint would be futile.  Plaintiff's claims lack an arguable basis in law or fact and Plaintiff's factual allegations border on the irrational and wholly incredible.  Moreover, the suit could not survive a motion to dismiss because Plaintiff's claims rest on conclusory statements rather than factual

---

[15] *Id*. at 1218.
[16] *Id*. (alterations in original).
[17] Id. at 1110.
[18] Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).
[19] Docket no. 3-2.
[20] *Id*.

allegations that plausibly state a claim for relief. Finally, the relief sought by Plaintiff is money damages. The defendants in this case almost certainly would be immune from such relief.

Thus, although Plaintiff may feel his situation is dire because he is ill at the hands of the government, Plaintiff has failed to allege sufficient facts upon which a recognized legal claim can be based.[21] Therefore, the Court recommends this case be dismissed *sua sponte* pursuant to section 1915 as being frivolous and for failing to state a claim upon which relief may be granted.

B. **Plaintiff's Motion for Service of Process**

Based on the undersigned's recommendation that the District Court dismiss Plaintiff's Complaint, the Court recommends that Plaintiff's Motion for Service of Process be deemed moot.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint be **DISMISSED** under the authority of 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim upon which relief can be granted.
2. Plaintiff's Motion for Service of Process[22] be deemed **MOOT.**

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[23] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive

---

[21] Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).
[22] Docket no. 5.
[23] See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

allegations that plausibly state a claim for relief. Finally, the relief sought by Plaintiff is money damages. The defendants in this case almost certainly would be immune from such relief.

Thus, although Plaintiff may feel his situation is dire because he is ill at the hands of the government, Plaintiff has failed to allege sufficient facts upon which a recognized legal claim can be based.[21] Therefore, the Court recommends this case be dismissed *sua sponte* pursuant to section 1915 as being frivolous and for failing to state a claim upon which relief may be granted.

B. **Plaintiff's Motion for Service of Process**

Based on the undersigned's recommendation that the District Court dismiss Plaintiff's Complaint, the Court recommends that Plaintiff's Motion for Service of Process be deemed moot.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint be **DISMISSED** under the authority of 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim upon which relief can be granted.
2. Plaintiff's Motion for Service of Process[22] be deemed **MOOT.**

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[23] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive

---

[21] Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).
[22] Docket no. 5.
[23] See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 10 July 2015.

_____
Brooke C. Wells
United States Magistrate Judge